UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

T.R. OLIVER, JR.,                    §
                                     §        DEBRA P. HACKETT, CLK
         PLAINTIFF,                  §          U.S. DISTRICT COURT
                                     §        MIDDLE DISTRICT ALA
                                     §
VS.                                  §     CASE NO.: CV-08- 2:08-CV-81- WHA
                                     §
JOSE A. RODRIGUEZ, Individually; JOSE §
DELEON ARMIJO, Individually, ARMIJO §
BROTHERS PRODUCE, INC., a Florida    §
Corporation; ALFA MUTUAL            §
INSURANCE COMPANY, et al.            §

## NOTICE OF REMOVAL

Pursuant to 28 U.S.C. §§ 1441 and 1146, you are hereby notified that Jose A.

Rodriguez, Jose Deleon Armijo and Armijo Brothers Produce, Inc. have removed this

action from the Circuit Court of Barbour County, Clayton Division, to the United States

District Court for the Middle District of Alabama, Northern Division on the following

grounds:

1.    This lawsuit arises out of a commercial truck/automobile accident that

occurred in Dale County, Alabama.

2.    On or about January 16, 2008, Plaintiff T.R. Oliver ("Oliver") filed suit in

the Circuit Court of Barbour County, Alabama, Clayton Division, styled, *T.R. Oliver, Jr.*

*v. Jose A. Rodriguez, Jose Deleon Armijo, Armijo Produce, Inc., Alfa Mutual Insurance*

*Company* (and several fictitious defendants), CV-08-03.

3.    According to his Complaint, Plaintiff Oliver is a resident citizen of

Barbour County, Alabama.

4.    At the time of the filing of the Complaint, and at all times material to this dispute, Defendant Jose A. Rodriguez has been a resident citizen of the State of Florida.

5.    At the time of the filing of the Complaint, and all times material to this dispute, Defendant Jose Deleon Armijo has been a resident citizen of the State of Florida.

6.    At the time of the filing of the Complaint, and all times material to this dispute, Defendant Armijo Brothers Produce, Inc. has been a Florida Corporation.

7.    At the time of the filing of the Complaint, and at all times material to this dispute, Defendant Alfa Mutual Insurance Company has been an Alabama Corporation with its principal place of business in Montgomery, Alabama.

8.    Plaintiff has not alleged the citizenship of the fictitious defendants.

9.    28 U.S.C. § 1441(a) provides that a defendant may remove any civil action brought in state court, of which the district courts of the United States have original jurisdiction, to the district court of the United States for the district and division embracing the place where the state court action is pending.

10.    28 U.S.C. § 1441(b) further provides that actions based on diversity of citizenship "shall be removable only if none of the parties in interest properly joined and served as defendants is a citizen of the state in which such action is brought."

11.    There is complete diversity of citizenship between the Plaintiff and Defendants Rodriguez, Armijo and Armijo Brothers Produce, Inc.   For purposes of removal, the citizenship of fictitious defendants shall be disregarded.   28 U.S.C. § 1441(a).

12.    Defendant Alfa Mutual Insurance Company, sued only in its capacity as Plaintiff's uninsured or underinsured motorist carrier, has opted out of this case and is,

therefore, a "nominal party" whose citizenship should likewise be disregarded for purposes of removal. *See Broyles v. Bayless*, 878 F.2d 1400, 1402 (11th Cir. 1989); *Toole v. Chupp*, 456 F.Supp. 2d 1218 (M.D. Ala. 2006).

13.    In *Broyles*, the Eleventh Circuit Court of Appeals examined whether a federal court could consider the residence of an uninsured motorist carrier, served with process pursuant to Tennessee's uninsured motorist statute and allowed to participate in the litigation, when determining diversity of citizenship for federal jurisdictional purposes.    The Eleventh Circuit determined that the district court should not have considered the citizenship of the UM carrier.

14.    In reaching its holding, the Eleventh Circuit examined the unique nature of uninsured/underinsured motorist laws. Id. at 1404. "In looking at the essential nature and effect of the proceeding in this case, we are convinced that while [the UM carrier] has a financial stake in the litigation, it is not a real party in interest for purposes of determining diversity." Id. at 1405. "First, the plaintiff must be awarded damages greater than the amount for which the defendant's own insurance company has responsibility." Id. The Court noted that "the present action is not one in which [the UM carrier] incurred, through default, the primary obligation to defend the lawsuit because it became the only defendant in the lawsuit." Id. Instead, the insurance company has only the option, not the absolute obligation, to take substantial control of the defense in these types of lawsuits. Id. The Court then concluded that normally a UM/UIM carrier's citizenship is not to be considered for diversity purposes, explaining:

> Although an uninsured motorist carrier is given the option
> to defend in its own name, rarely will such an event occur
> if there is a jury trial.    Unless this rarity occurs and is
> coupled with substantial participation during trial, an

insurance company's citizenship should not be considered
for diversity purposes.

Id. at 1405.

15.    In this case, Alfa Mutual Insurance Company is the Plaintiff's
uninsured/underinsured motorist carrier.  The alleged tortfeasors are insured by Canal
Insurance Company, who retained the undersigned to represent and defend the
tortfeasors.  Like the UIM claim in *Broyles*, Alfa will be in the position of waiting to see
if a jury will return a verdict in excess of the alleged tortfeasor's policy limits.[1]  Thus,
Alfa's liability is passive and while it certainly has a financial interest in the outcome of
the case, it is not a substantial real party in interest.  *Boyles*, at 1402, 1405.  Just as in
*Broyles*, under Alabama law Alfa has the ability to opt out during or at the conclusion of
the discovery, making them an invisible defendant at trial.  This is precisely the type of
arrangement in which the *Boyles* court found that citizenship of the UIM carrier should
be disregarded.  As such, there is complete diversity of citizenship of the substantial
parties to this case and removal is appropriate.

16.    In the case of *Toole v. Chupp*, 456 F.Supp. 2d 1218 (M.D. Ala. 2006),
Judge Myron Thompson relied on the *Broyles* case to reach the same result based on facts
virtually identical to those in this case. In *Broyles*, the Plaintiff filed suit in Barbour
County against Matthew Chupp (a Georgia resident) alleging negligence, wantonness and
recklessness in causing an automobile accident; Don Bramlett (a Georgia resident)
alleging that he negligently entrusted the vehicle to Chupp and against Alfa Mutual
Insurance Company (an Alabama company), Plaintiff's UIM carrier, seeking UIM
benefits. *Toole,* 456 F.Supp. 2d at 1219.  Alfa Mutual Insurance Company opted out and

---

[1] The Defendants policy of insurance with Canal has a single limit of $750,000.00.

the remaining Defendants removed the case to this Court based on complete diversity of citizenship alleging that Alfa was nominal party only. Id.

Judge Thompson recognized that once Alfa opted out of the case and agreed to be bound by the jury's verdict, the Plaintiff and Alfa "simply [have] no dispute between them at this time." Id. at 1221. Judge Thompson concluded that "a plaintiff should not be able to defeat diversity jurisdiction by adding an uninsured motorist carrier that is playing only a nominal role," and denied Plaintiff's remand petition. Id. at 1222.

18.     Just as it did in *Toole*, Alfa has already opted out of this case, making them a nominal party whose citizenship should not be considered for purposes of jurisdiction.

19.     The Defendants Rodriguez, Armijo and Armijo Brothers Produce, Inc. were served with this Complaint on January 28, 2008, making this removal petition timely pursuant to 28 U.S.C. 1446(b).

20.     Alfa's consent to removal, although perhaps not required as a nominal defendant, is attached hereto as Exhibit A.

21.     Copies of all process, pleadings and orders served upon the removing defendants are attached hereto as Exhibit B.

22.     The Plaintiff has made claims against the Defendants for personal injuries arising from this commercial truck/automobile accident. Plaintiff's Complaint asserts theories of negligence, wantonness and willfulness and negligent/wanton entrustment and seeks compensatory and punitive damages.

21.     Although Plaintiff does not ask for a specific monetary amount in his Complaint, Defendants have policy limits of $750,000.00 and Plaintiff is claiming UM

benefits beyond that sum. Thus, Plaintiff clearly appears to be seeking sums in excess of the jurisdictional limit of $75,000.00, exclusive of interest and costs. *See e.g. Tapscott v. M.S. Dealer Serve Corp.*, 77 F.3d 1353, 1359 (11th Cir. 1996) ("When Plaintiffs make an unspecified claim for damages, the removing party need only show by preponderance of the evidence that the amount in controversy exceeds the jurisdictional limits"); *Holly Equipment Co. v. Credit of Alliance Corp.*, 821 F.2d 1531, 1535 (11th Cir. 1987) ("When determining the jurisdictional amount in diversity cases, punitive damages must be considered").

22.    Because there is complete diversity of citizenship between the substantial parties to this litigation, because the amount in controversy exceeds $75,000.00 and because this petition is timely filed with the consent of all Defendants, removal is appropriate.

WHEREFORE, the Defendants pray that the Court will accept jurisdiction of this action and that the Clerk of the Circuit Court of Barbour County, Alabama, Clayton Division will accept no further pleadings in this case.

Respectfully submitted on this _6th_ day of _February_, 2008.

WILLIAM L. LEE, III    (LEE007)
wlee3@leeandmcinish.com

WILLIAM W. NICHOLS    (NIC027)
wnichols@leeandmcinish.com

**OF COUNSEL:**
Lee & McInish, P.C.
*Attorneys for Defendants Jose A. Rodriguez, Jose*
*Deleon Armijo and Armijo Brothers Produce, Inc.*
238 West Main Street (36301)
Post Office Box 1665
Dothan, Alabama 36302
Telephone (334) 792-4156
Facsimile (334) 794-8342

## CERTIFICATE OF SERVICE

I hereby certify that on February ___, 2008, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF System which will send notification of such filing to the following: **Jonathon M. Horne, Esq.,** and I hereby certify that I have mailed by United States Postal Service the document to the following non-CM/ECF participants:

Jonathon M. Horne, Esq.
Post Office Box 226
Clayton, Alabama 36016
Attorney for Plaintiff

Mrs. Courtney Reilly Potthoff, Esq.
***William, Potthoff, Williams & Smith***
Post Office Box 880
Eufaula, Alabama 36072-0880
Attorney for Alfa Mutual Insurance Company

Dated this the 6 day of February, 2008.

Of Counsel

**IN THE UNITED STATES DISTRICT COURT FOR
THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION**

| | |
|---|---|
| T. R. OLIVER, JR., | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) |
| | ) |
| JOSE A. RODRIGUEZ; JOSE DELEON | ) |
| ARMIJO; ARMIJO BROTHERS | ) |
| PRODUCE, INC.; and ALFA | ) |
| INSURANCE COMPANY, et al., | ) |
| | ) |
| Defendants. | ) |

CIVIL ACTION NO. 2 : 08 CV - 81 - WHA

## JOINDER IN REMOVAL

Alfa Mutual Insurance Company, co-defendant in this action, through its counsel of record, Courtney R. Potthoff, hereby joins in the Notice of Removal heretofore filed by the Defendants Jose A. Rodriquez, Jose Deleon Armijo, Armijo Brothers Produce, Inc.

Respectfully submitted,

_Courtney R. Potthoff_          ASB 4565-057C

Attorney for Defendant
Alfa Mutual Insurance Company

OF COUNSEL:

WILLIAMS, POTTHOFF, WILLIAMS
& SMITH, L.L.C.
Post Office Box 880
Eufaula, Alabama  36072-0880
Telephone     (334)  687-5834
Facsimile      (334)  687-5722

**EXHIBIT
A**

## CERTIFICATE OF SERVICE

I hereby certify that I have on this _6_ day of February, 2008, served a copy of the above and foregoing upon the following counsel of record, by depositing a copy of same in the United States Mail, properly addressed, postage prepaid:

J. Matthew Horne, Esq.
Attorney at Law, L.L.C.
Post Office Box 226
Clayton, Alabama  36016

William W. Nichols, Esq.
Lee & McInish, P.C.
Post Office Box 1665
Dothan, Alabama  36302

Of Counsel

# IN THE CIRCUIT COURT OF BARBOUR COUNTY, ALABAMA
## (CLAYTON DIVISION)

CIVIL ACTION NUMBER: 08-_63_

T. R. OLIVER, JR.,

      PLAINTIFF,

vs.

JOSE A. RODRIGUEZ, an individual; JOSE DELEON ARMIJO, an individual; ARMIJO BROTHERS PRODUCE, INC., a Florida Corporation; ALFA MUTUAL INSURANCE COMPANY, an Alabama Corporation; NO. 1, whether singular or plural, Plaintiff hereby intending to designate the driver of the motor vehicle which collided with the Plaintiff and whose negligence caused the Plaintiff's injuries and damages on the occasion made the basis of this suit; NO. 2, whether singular or plural, Plaintiffs hereby intending to designate the owner of the motor vehicle which collided with the Plaintiff on the occasion made the basis of this suit; NO. 3, whether singular or plural, Plaintiff hereby intending to designate that entity or those entities who or which were the master or principal of the driver of the motor vehicle which collided with the Plaintiff on the occasion made the basis of this suit; NO. 4, whether singular or plural, Plaintiff hereby intending to designate that entity or those entities for whom the driver of the motor vehicle which collided with the Plaintiff was performing some type of service or employment duty at the time of this collision; NO. 5, whether singular or plural, Plaintiff hereby intending to designate that entity or those entities or that individual or those individuals who or which negligently entrusted the motor vehicle which collided with the Plaintiff to the driver at the time of this collision; NO. 6, whether singular or plural, Plaintiff hereby intending to designate the entity or those entities on whose behalf the vehicle involved in the collision made the basis of this lawsuit was being operated at the time of said occurrence; NO. 7, whether singular or plural, Plaintiff hereby intending to designate that entity or those entities who or which issued any policy of insurance which provided coverage for Plaintiffs' injuries received on the occasion made the basis of this lawsuit, including, but not limited to, uninsured motorists coverage; NO. 8, whether singular or plural, Plaintiff hereby intending to designate that entity or those entities who or which provided any insurance coverage for any part of the motor vehicle, owner or driver, involved in the occurrence made the basis of this lawsuit, for the driver of each such respective vehicle or for any of the named fictitious parties Defendant listed or described herein; NO. 9, whether singular or plural, Plaintiff hereby intending to designate that entity or those entities, that individual or those individuals, other than those individuals and entities named above, whose negligence, wantonness, or other wrongful conduct contributed to cause the occurrence made the basis of this lawsuit; NO. 10 whether singular or plural, Plaintiff intending to designate hereby that entity or those entities who or which provided any insurance coverage, of whatever kind or character, to any of the named or fictitious Defendants herein; NO. 11, whether singular or plural, being that person, firm, corporation or other entity who or which is the

EXHIBIT

B

successor-in-interest, predecessor, or correct legal designation of any of the entities described above. Plaintiff avers that the true identity of the foregoing fictitious party Defendants is otherwise unknown to the Plaintiff at this time, or, if their names are known to the Plaintiff at this time, their identities as proper parties Defendant are not known to the Plaintiff at this time but their true names will be substituted by amendment when the aforesaid lacking information is ascertained,

DEFENDANTS.

---

## PLAINTIFF'S FIRST INTERROGATORIES TO DEFENDANT
## JOSE A. RODRIGUEZ

COMES NOW the Plaintiff in the above styled cause and requests that Defendant, JOSE A. RODRIGUEZ, (hereinafter referred to as "Defendant") answer the following interrogatories and requests for production within the time required by the Alabama Rules of Civil Procedure. In addition, Plaintiff requests that Defendant attach a copy of each and every document referred to in any of the interrogatories or in Defendant's response thereto or that Defendant state the date and time that said documents will be produced for inspection and copying at the offices of Plaintiff's attorneys.

NOTE: These interrogatories shall be deemed continuing so as to require supplemental answers upon receipt of additional information by this Defendant's attorney subsequent to its original response. Any such supplemental answers are to be filed and served upon counsel for Plaintiff within thirty (30) days from receipt of such additional information but not later than the first day of the trial of this cause.

1. Please state your full name, address and present employment.

2. State whether or not you were the operator or an occupant of a vehicle that was involved in a collision on or about November 18, 2008.

3. State the name and address of the owner and all occupants of the vehicle that you were operating at the time of the collision.

4. State where you had been just before the collision, where you were going at the time of the collision, and the purpose of the trip.

5. State the name and address of each person, including experts, having any knowledge of relevant facts related to the collision that is the basis of this suit, its cause, or the damages resulting from it.

6. State the name and address of any potential party to this lawsuit not already a party.

7.  State the name, address and qualifications of each expert who may be called as an expert witness at the trial of this case, the subject matter concerning which the expert will testify, the mental impressions and opinions held by the expert and the facts known to the expert (regardless of when the factual information was acquired) which relate to or form the basis of the mental impressions and opinions held by the expert.

8.  Please state the name and address of any consulting expert whose report or work product was reviewed by a testifying expert witness in this case.

9.  Please state whether you have a copy of any statement that the Plaintiff has previously made concerning the action or its subject matter and that is in your possession, custody or control.

   For the purpose of this question, a statement previously made is (1) a written statement signed or otherwise adopted or approved by the person making it, or (2) a stenographic, mechanical, electrical, or other recording, or a transcription that is a substantially verbatim recital of an oral statement by the person making it and contemporaneously recorded.

10.  Describe any insurance agreement under which any insurance business may be liable to satisfy part or all of the judgment that may be entered in this action, or to indemnify or reimburse for payments made to satisfy the judgment, by stating the name of the insurer and the amount of any liability insurance coverage.

11.  Describe in your own words how the collision occurred and state specifically and in detail what the claim or contention of the Defendant will be regarding any cause or contributing cause of the collision, including a statement in detail of the facts or information upon which this contention is based.

12.  State the speed of your vehicle at all times material to the collision in question, including specifically your speed at the time of impact.  If your brakes were on at the time of impact, please state your speed before applying your brakes.

13.  State in detail what intoxicating beverages, if any, you had consumed and what drugs or medications, if any, you had taken during the 24-hour period immediately preceding the collision.

14.  Describe in detail what damage, if any, was done to your vehicle in the collision, and give the cost of repair to your vehicle.

15.  Describe in detail what injuries, if any, you received in the collision.

16.  Describe in detail any conversations you have had with the Plaintiff or Plaintiff's representative following the collision in question.

17. State your date of birth, driver's license number, social security number, and what other names you have gone by during your lifetime.

18. Describe any information you have indicating or any reason you have to believe that there was any defect or failure on the party of any vehicle or equipment involved in the collision.

19. Describe any traffic citation you received as a result of this collision by stating the name and location of the court involved, the violations of the law charged in that citation, and the date,, place, and manner (i.e., type of plea, bail, forfeit, trial, etc.) of disposition of the citation.

20. State whether you were acting within the course and scope of any agency, employment, or service at the time of the collision, and describe the type of relationship of the persons involved.

21. Describe any criminal records you may have, including the nature of the charge, date, place of arrest, and any conviction, if any.

23. Please list any and all traffic citations and/or traffic accidents that you have received or been involved in within the last five (5) years.

J. Matthew Horne (HOR038)
Attorneys for Plaintiff

**OF COUNSEL:**

**J. Matthew Horne,**
**Attorney at Law, L.L.C**
**P.O. Box 226**
**Clayton, AL 36016**
**(334)775-7211**
**(334)775-7212 fax**


**PLEASE SERVE THESE INTERROGATORIES WITH THE**
**SUMMONS AND COMPLAINT TO DEFENDANT JOSE A. RODRIGUEZ**

# IN THE CIRCUIT COURT OF BARBOUR COUNTY, ALABAMA
## (CLAYTON DIVISION)

### CIVIL ACTION NUMBER: 08-03

T. R. OLIVER, JR.,

    PLAINTIFF,

vs.

FILED
JAN 15 2008
DAVID S. NIX, CLERK
BARBOUR COUNTY, ALABAMA

JOSE A. RODRIGUEZ, an individual; JOSE DELEON ARMIJO, an individual; ARMIJO BROTHERS PRODUCE, INC., a Florida corporation; ALFA MUTUAL INSURANCE COMPANY, an Alabama Corporation; NO. 1, whether singular or plural, Plaintiff hereby intending to designate the driver of the motor vehicle which collided with the Plaintiff and whose negligence caused the Plaintiff's injuries and damages on the occasion made the basis of this suit; NO. 2, whether singular or plural, Plaintiffs hereby intending to designate the owner of the motor vehicle which collided with the Plaintiff on the occasion made the basis of this suit; NO. 3, whether singular or plural, Plaintiff hereby intending to designate that entity or those entities who or which were the master or principal of the driver of the motor vehicle which collided with the Plaintiff on the occasion made the basis of this suit; NO. 4, whether singular or plural, Plaintiff hereby intending to designate that entity or those entities for whom the driver of the motor vehicle which collided with the Plaintiff was performing some type of service or employment duty at the time of this collision; NO. 5, whether singular or plural, Plaintiff hereby intending to designate that entity or those entities or that individual or those individuals who or which negligently entrusted the motor vehicle which collided with the Plaintiff to the driver at the time of this collision; NO. 6, whether singular or plural, Plaintiff hereby intending to designate the entity or those entities on whose behalf the vehicle involved in the collision made the basis of this lawsuit was being operated at the time of said occurrence; NO. 7, whether singular or plural, Plaintiff hereby intending to designate that entity or those entities who or which issued any policy of insurance which provided coverage for Plaintiffs' injuries received on the occasion made the basis of this lawsuit, including, but not limited to, uninsured motorists coverage; NO. 8, whether singular or plural, Plaintiff hereby intending to designate that entity or those entities who or which provided any insurance coverage for any part of the motor vehicle, owner or driver, involved in the occurrence made the basis of this lawsuit, for the driver of each such respective vehicle or for any of the named fictitious parties Defendant listed or described herein; NO. 9, whether singular or plural, Plaintiff hereby intending to designate that entity or those entities, that individual or those individuals, other than those individuals and entities named above, whose negligence, wantonness, or other wrongful conduct contributed to cause the occurrence made the basis of this lawsuit; NO. 10 whether singular or plural, Plaintiff intending to designate hereby that entity or those entities who or which provided any insurance coverage, of whatever kind or character, to any of the named or fictitious Defendants herein; NO. 11, whether singular or plural, being that person, firm, corporation or other entity who or which is the successor-in-interest, predecessor, or correct legal designation of any of the entities

1

described above. **Plaintiff avers that the true identity of the foregoing fictitious party Defendants is otherwise unknown to the Plaintiff at this time, or, if their names are known to the Plaintiff at this time, their identities as proper parties Defendant are not known to the Plaintiff at this time but their true names will be substituted by amendment when the aforesaid lacking information is ascertained,**

### DEFENDANTS.

## COMPLAINT

1. The Plaintiff, T. R. OLIVER, JR., is over the age of nineteen and is a resident of Barbour County, Alabama.

2. The Defendant, JOSE A. RODRIGUEZ, is over the age of nineteen years and believed to be a resident of the State of Florida and on November 18, 2007 was the driver of an automobile believed to be owned by Armijo Brothers Produce that was involved in a motor vehicle accident made the basis of this lawsuit.

3. The Defendant, JOSE DELEON ARMIJO, is believed to be a resident of the state of Florida doing business in the State of Alabama and is believed to be the owner of the automobile that was involved in the motor vehicle accident made the basis of this lawsuit.

4. The Defendant, ARMIJO BROTHERS PRODUCE, INC., is a Florida Corporation, and on the date of the accident was the principal and employer of Defendant, Jose A. Rodriguez.

5. The Defendant, ALFA MUTUAL INSURANCE COMPANY, is an Alabama corporation doing business by agent in Barbour County, Alabama and on the date of the accident was the uninsured motorist carrier of the plaintiff under the provisions of policy #A2468620.

6. The fictitious parties are those entities or individuals who proximately caused the injuries and damages claimed herein. Plaintiff avers that the true identities of the foregoing fictitious party Defendants are otherwise unknown to the Plaintiff at this time, or, if their names are known to the Plaintiff at this time, their identities as proper parties Defendant are not known to the Plaintiff at this time but their true names will be substituted by amendment when the aforesaid lacking information is ascertained.

7. On or about the 18th day of November 2007, the Defendant, Jose A. Rodriguez, was operating a motor vehicle upon a public highway, to wit: U.S. Highway 231 South at or near the intersection of Dale County Road 75, which is located in Dale County, Alabama. At said time and place, the Defendant, Jose A. Rodriguez, negligently and/or wantonly operated said motor vehicle so as to strike the vehicle of the Plaintiff, T.R. Oliver, Jr., causing injuries and damage to the Plaintiff.

8. Plaintiff avers that at all time referred to herein, the vehicle driven by Defendant, Jose A. Rodriquez, was owned by Defendant, Jose Deleon Armijo and that the Defendant was acting as an agent for Defendant, Armijo Brothers Produce, Inc.

9. Plaintiff avers that all time referred to herein, T. R. Oliver, Jr. was insured under a policy of motor vehicle insurance by the Defendant, Alfa Mutual Insurance Company, whereby the Defendant, Alfa Mutual Insurance Company, provided the Plaintiff with protection against bodily injury by uninsured automobiles on the date of the occasion made the basis of this suit, for and in consideration of a premium paid by the Plaintiff to Defendant, Alfa Mutual Insurance Company.

## COUNT ONE
### Negligence

10. The Plaintiff realleges and adopts each and every prior paragraph of the complaint as though set forth again in full.

11. On or about November 18, 2007, upon U.S. Highway 231 South in Dale County, Alabama, at or near the intersection of County Road 75, the defendant, Jose A. Rodriguez, negligently operated a motor vehicle owned by Jose Deleon Armijo by turning into the lane of travel occupied by Plaintiff, T. R. Oliver, Jr. and striking the Plaintiff's vehicle, causing a collision with the Plaintiff's vehicle.

12. As a proximate result of the consequences of the defendant's action, the plaintiff was caused to suffer serious personal injuries and damages.

WHEREFORE, the plaintiff, T.R. Oliver, Jr., demands judgment against the defendants for compensatory and punitive damages in such a sum as a jury may award, plus costs.

## COUNT TWO
### Wantonness and Willfulness

13. The Plaintiff realleges and adopts each and every prior paragraph of the complaint as though set forth again in full.

14. On or about November 18, 2007, upon U.S. Highway 231 South in Dale County, Alabama, at or near the intersection of County Road 75, the defendant, Jose A. Rodriguez, wantonly and willfully operated a motor vehicle owned by Jose Deleon Armijo by turning into the lane of travel occupied by Plaintiff, T. R. Oliver, Jr. and striking the Plaintiff's vehicle, causing a collision with the Plaintiff's vehicle.

15. As a proximate result of the consequences of the defendant's action, the plaintiff was caused to suffer serious personal injuries and damages.

WHEREFORE, the plaintiff, T.R. Oliver, Jr., demands judgment against the defendants for compensatory and punitive damages in such a sum as a jury may award, plus costs.

## COUNT THREE
### Negligent and/or Wanton Entrustment

16. The Plaintiff realleges and adopts each and every prior paragraph of the complaint as though set forth again in full.

17. Defendants, Jose Deleon Armijo and Armijo Brothers Produce, Inc. owned the motor vehicle being operated by the Defendant, Jose A. Rodriquez. Defendants Jose Deleon Armijo and Armijo Brothers Produce, Inc. undertook a duty to properly train, supervise, and investigate parties prior to entrusting them to use said vehicle.

18. Defendants, Jose Deleon Armijo and Armijo Brothers Produce, Inc., negligently failed to train, supervise, or investigate Jose A. Rodriguez prior to entrusting him with the motor vehicle so that he was allowed to commit the negligent, wanton and willful acts as alleged above.

19. As a proximate result of the consequences of the defendants' negligent, willful or wanton actions, the plaintiff was caused to suffer serious personal injuries and damages.

WHEREFORE, the plaintiff, T.R. Oliver, Jr., demands judgment against the defendants for compensatory and punitive damages in such a sum as a jury may award, plus costs.

## COUNT FOUR
### Uninsured Motorist

21. The Plaintiff realleges and adopts each and every prior paragraph of the complaint as though set forth again in full.

21. Plaintiff avers that at all time referred to herein T. R. Oliver, Jr. was insured under a policy of motor vehicle insurance by the Defendant, Alfa Mutual Insurance Company, whereby the Defendant provided the Plaintiff with protection against bodily injury by uninsured automobiles on the date of the occasion made the basis of this suit, for and in consideration of a premium paid by Plaintiff to Defendant, Alfa Mutual Insurance Company.

22. Plaintiff further avers that T. R. Oliver, Jr.'s injuries and damages hereinabove described in the aforesaid arose out of and were the proximate consequence of the use of an uninsured automobile as aforesaid, and that at the time of Plaintiff's said injuries and damages arising out of the use of such uninsured automobile, the aforesaid policies of insurance were in full force and effect and all premiums were paid according to the terms of said policies, and Plaintiff further avers that the Defendant has failed to pay for said bodily injuries and damages, hence this suit.

23. Plaintiff alleges that his injuries and damages hereinabove described were caused as a proximate consequence of the breach of contract and other wrongful conduct of the

Defendants, Alfa Insurance Mutual Company and the fictitious party Defendants as described in the caption of this complaint.

    24.  As a proximate result of the consequences of the defendant's action, the plaintiff was caused to suffer serious personal injuries and damages.

    **WHEREFORE**, the plaintiff, T.R. Oliver, Jr., demands judgment against the defendants for compensatory and punitive damages in such a sum as a jury may award, plus costs.

                         J. Matthew Horne (HOR038)
                         Attorneys for Plaintiff

**OF COUNSEL:**

J. Matthew Horne,
Attorney at Law, L.L.C
P.O. Box 226
Clayton, AL 36016
(334)775-7211
(334)775-7212 fax


             **PLAINTIFF DEMANDS A TRIAL BY STRUCK JURY**


                    OF COUNSEL


**PLAINTIFF'S ADDRESS:**

T. R. OLIVER, JR.
493 Carpenter Mill Rd.
Louisville, AL 36048

**SERVE DEFENDANTS:**

JOSE A. RODRIGUEZ
3451 Shady Brook Drive
Mulberry, FL 33860

JOSE DELEON ARMIJO
3322 Bennett Acres
Dover, FL 33527

Registered Agent
GOLDBERG LAW GROUP, PA.
ARMIJO BROTHERS PRODUCE, INC.
133 First Street North 2
Saint Petersburg, FL 33701

Registered Agent:
H. AL SCOTT
ALFA MUTUAL INSURANCE COMPANY
2108 E. South Blvd.
Montgomery, AL 36116

## IN THE UNITED STATES DISTRICT COURT FOR
## THE MIDDLE DISTRICT OF ALABAMA
## NORTHERN DIVISION

| | | |
|---|---|---|
| T. R. OLIVER, JR., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | CIVIL ACTION NO. _____ |
| | ) | |
| JOSE A. RODRIGUEZ; JOSE DELEON | ) | |
| ARMIJO; ARMIJO BROTHERS | ) | |
| PRODUCE, INC.; and ALFA | ) | |
| INSURANCE COMPANY, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## ANSWER OF DEFENDANT
## ALFA MUTUAL INSURANCE COMPANY
## TO PLAINTIFFS COMPLAINT

COMES NOW Defendant Alfa Mutual Insurance Company (hereinafter "Alfa Mutual"), and responds to Plaintiffs' Complaint as follows:

1.    Alfa Mutual is informed and believes that the statements contained in Paragraph 1 of Plaintiffs' Complaint are true and correct.

2.    Alfa Mutual is informed and believes hat the statements contained in Paragraph 2 of Plaintiffs' Complaint are true and correct.

3.    Alfa Mutual is informed and believes that the statements contained in Paragraph 3 of Plaintiffs' Complaint are true and correct.

4.    Alfa Mutual is informed and believes that the statements contained in Paragraph 4 of Plaintiffs' Complaint are true and correct.

5.    Alfa Mutual is an Alabama corporation licensed to sell insurance in the State of Alabama.  It also conducts business by agent in Eufaula, Barbour County, Alabama.  Further

Alfa Mutual issued policy A2461153 which provides Plaintiff with uninsured/underinsured motorist coverage pursuant to the terms of the policy.

6.      Paragraph 6 of Plaintiffs' Complaint does not require a response from this Defendant.

7.      Alfa Mutual is without sufficient knowledge to either admit or deny the allegations contained in Paragraph 7 of Plaintiffs' Complaint and demands strict proof thereof.

8.      Alfa Mutual is without sufficient knowledge to either admit or deny the allegations contained in Paragraph 8 of Plaintiffs' Complaint and demands strict proof thereof.

9.      Alfa Mutual is without sufficient knowledge to either admit or deny the allegations contained in Paragraph 9 of Plaintiffs' Complaint and demands strict proof thereof.

## COUNT ONE

10.      Alfa Mutual repeats and realleges its responses to each and every allegation of paragraphs one through nine of Plaintiffs' Complaint as though set forth again in full.

11.      Alfa Mutual is without sufficient knowledge to either admit or deny the allegations contained in Paragraph 11 of Plaintiffs' Complaint and demands strict proof thereof.

12.      Alfa Mutual is without sufficient knowledge to either admit or deny the allegations contained in Paragraph 12 of Plaintiffs' Complaint and demands strict proof thereof

## COUNT TWO

13.      Alfa Mutual repeats and realleges its responses to each and every allegation of paragraphs one through twelve of the Plaintiffs' Complaint as though set forth again in full.

14.      Alfa Mutual is without sufficient knowledge to either admit or deny the allegations contained in Paragraph 14 of Plaintiffs' Complaint and demands strict proof thereof

15.    Alfa Mutual is without sufficient knowledge to either admit or deny the allegations contained in Paragraph 15 of Plaintiffs' Complaint and demands strict proof thereof.

## COUNT THREE

16.    Alfa Mutual repeats and realleges its responses to each and every allegation of paragraphs one through fifteen of the Plaintiffs' Complaint as though set forth again in full.

17.    Alfa Mutual is without sufficient knowledge to either admit or deny the allegations contained in Paragraph 17 of Plaintiffs' Complaint and demands strict proof thereof.

18.    Alfa Mutual is without sufficient knowledge to either admit or deny the allegations contained in Paragraph 18 of Plaintiffs' Complaint and demands strict proof thereof.

19.    Alfa Mutual is without sufficient knowledge to either admit or deny the allegations contained in Paragraph 19 of Plaintiffs' Complaint and demands strict proof thereof.

## COUNT FOUR

20.    Alfa Mutual repeats and realleges its responses to each and every allegation of paragraphs one through nineteen of the Plaintiffs' Complaint as though set forth again in full.

21.    Alfa Mutual admits policy number A2461153 issued by it was in full force and effect on November 18, 2007, and that it provides uninsured/underinsured motorist coverage pursuant to the terms of the written policy.

22.    Alfa Mutual admits policy number A2461153 issued by it was in full force and effect on November 18, 2007, and that it provides uninsured/underinsured motorist coverage

pursuant to the terms of the written policy, but denies the remaining allegations contained in paragraph 22 and demands strict proof thereof.

23.    Alfa Mutual denies the allegations contained in Paragraph 23 of Plaintiffs' Complaint and demands strict proof thereof.

24.    Alfa Mutual denies the allegations contained in Paragraph 24 of Plaintiffs' Complaint and demands strict proof thereof.

## FIRST DEFENSE

Plaintiff's Complaint, and each and every count contained therein, fails to state a claim against Alfa Mutual upon which relief can be granted.

## SECOND DEFENSE

Alfa Mutual is not guilty of the matters and things alleged in the complaint.

## THIRD DEFENSE

Alfa Mutual denies the material allegations of the complaint and demands strict proof thereof.

## FOURTH DEFENSE

Alfa Mutual affirmatively avers that if a relevant policy of insurance was afforded herein by it for or on behalf of Plaintiff, said policy is the best evidence of its contents and is pled herein as though copied herein in its entirety.    Alfa Mutual specifically denies any allegations which tend to contradict, contravene or enlarge upon the terms, conditions, exclusions or limitations of said policy.

## FIFTH DEFENSE

Alfa Mutual affirmatively pleads all conditions precedent, conditions subsequent, exclusions and limitations set forth in the policy and coverage as a defense to the Plaintiff's claims.

## SIXTH DEFENSE

Alfa Mutual denies that it intentionally set out on a course of conduct to wrongfully deny benefits.

## SEVENTH DEFENSE

Alfa Mutual denies that it orchestrated a scheme to deprive Plaintiff's of his insurance benefits and demands strict proof thereof.

## EIGHTH DEFENSE

Alfa Mutual denies that it failed to make an objective and adequate investigation before denying Plaintiff's claims and demands strict proof thereof.

## NINTH DEFENSE

Alfa Mutual denies that it acted willfully, fraudulently, intentionally, and in bad faith in wrongfully denying Plaintiff's claims and demands strict proof thereof.

## TENTH DEFENSE

Alfa Mutual affirmatively denies that neither it nor any of its agents, servants or employees are guilty of any bad faith in their conduct dealing with Plaintiffs.

## ELEVENTH DEFENSE

Alfa Mutual expressly denies the existence of any error, bad judgment, or negligence in any way connected with the handling of Plaintiff's claim and in any decision which might have been made to dispute any coverage under the insurance contract.

## TWELFTH DEFENSE

Alfa Mutual affirmatively avers that at no time has it intentionally refused to pay those portions of the claims submitted by Plaintiff covered under the policy of insurance in existence at the time of the loss.

## THIRTEENTH DEFENSE

Alfa Mutual affirmatively avers that there exists a lawful basis upon which to refuse payment on the claims submitted by Plaintiff.

## FOURTEENTH DEFENSE

Alfa Mutual affirmatively denies any intentional failure to perform any duty implied by law of good faith and fair dealing with Plaintiff.

## FIFTEENTH DEFENSE

Alfa Mutual avers that the damages sought by Plaintiff, separately and severally, are not recoverable as a matter of law.

## SIXTEENTH DEFENSE

Alfa Mutual pleads the general issue.

## SEVENTEENTH DEFENSE

The imposition of punitive damages against Alfa Mutual in this case based upon theories of respondeat superior, agency, vicarious liability, or joint and several liability violates the Due Process Clause of the Fourteenth Amendment of the United States Constitution.

## EIGHTEENTH DEFENSE

The claims of Plaintiffs for punitive damages and/or mental anguish against Alfa Mutual cannot be sustained because an award of punitive damages and/or mental anguish under

Alabama law subject to no predetermined limit, such as a maximum multiple of compensatory damages or a maximum amount, on the amount of punitive damages or damages for mental anguish that a jury may impose, would violate defendant's due process rights guaranteed by the Fourteenth Amendment to the United States Constitution and by the due process provisions of the Alabama Constitution.

**NINTEENTH DEFENSE**

The claims of Plaintiffs for punitive damages and/or mental anguish against Alfa Mutual cannot be sustained, because an award of punitive damages or damages for mental anguish under Alabama law by a jury that (1) is not provided a standard sufficient for determining the appropriateness, or the appropriate size, of such a damages award; (2) is not instructed on the limits on punitive damages or damages imposed by the applicable principles of deterrence, punishment and reasonableness, (3) is not expressly prohibited from awarding punitive damages, or determining the amount of an award of punitive damages, or determining the amount of an award of punitive damages, in whole or in part, on the basis of invidiously discriminatory characteristics, including the corporate status of the defendant, (4) is permitted to award punitive damages under a standard for determining liability for punitive damages or mental anguish damages that is vague and arbitrary as to damages permissible, and (5) is not subject to judicial review on the basis of objective standards, would violate Defendant's substantive and procedural due process and equal protection rights guaranteed by the Fourteenth Amendment to the United States Constitution and the double jeopardy clause of the Fifth Amendment as incorporated into the Fourteenth Amendment, and by the Alabama constitutional provisions providing for due process, equal protection, and guarantee against double jeopardy.

### TWENTIETH DEFENSE

The claims of Plaintiffs for punitive damages and/or mental anguish against Alfa Mutual cannot be sustained because an award of such damages under Alabama law without proof of every element beyond a reasonable doubt would violate this defendant's substantive and procedural due process rights under the Fourteenth Amendment to the United States Constitution and under the due process provisions of the Alabama Constitution.

### TWENTY-FIRST DEFENSE

Any award of punitive damages based upon anything other than Defendant's conduct in connection with the matters that are the subject of this lawsuit would violate the due process clause of the Fourteenth Amendment to the United States Constitution and the double jeopardy clause of the Fifth Amendment as incorporated into the Fourteenth Amendment and the Alabama constitutional provisions providing for due process and guarantee against double jeopardy, because any other judgment for punitive damages in this case cannot protect Alfa Mutual against impermissible multiple punishment for the same wrong.

### TWENTY-SECOND DEFENSE

Any award of punitive damages in this case would violate Alfa Mutual's rights under the substantive and procedural due process clause of the United States Constitution and the Constitution of the State of Alabama; the excessive fines clauses of the Eighth Amendment of the United States Constitution; the contract clause of Article Two of the United States Constitution; the equal protection clause of the United States Constitution and the Constitution of the State of Alabama.

## TWENTY-THIRD DEFENSE

The Alabama punitive damage system, on its face and as applied, violates the Due Process Clause of the Fourteenth Amendment to the United States Constitution as does Alabama's system of awarding damages for mental anguish. While the Supreme Court of the United States perceived the system as constitutional in Pacific Mutual Life Insurance Co. v. Haslip, 499 U.S. 1 (1991), events subsequent to Haslip, have shown that the system is wholly arbitrary, fundamentally unfair and utterly irrational in violation of due process. See BMW of America v. Gore, 116 S. Ct. 1589 (Ala. 1996). The Alabama system affords juries standardless discretion to impose unlimited punishment, and Alabama post-verdict review is neither meaningful, consistent nor constitutionally adequate to cure this crucial constitutional defect.

## TWENTY-FOURTH DEFENSE

The Alabama punitive damage system, on its face and as applied, violates the Due Process Clause of the Fourteenth Amendment because there are absolutely no meaningful standards or limits for determining the amount of the award, contravening the deeply rooted American tradition that punishment may not be imposed in the absence of pre-existing, express legislatively established range of penalties.

## TWENTY-FIFTH DEFENSE

The imposition of a punitive damage award against Alfa Mutual in this cause in the absence of explicit, particularized guidelines or standards is highly unfair because an award made in the absence of such guidelines or standards may be grossly excessive, disproportionate, arbitrary and irrational. A punitive damage award in the absence of such guideline or standards will bear no rational or reasonable relationship to this defendant's

alleged conduct in this matter or to any alleged harm to Plaintiffs, and will dwarf legislatively established fines for comparable conduct. A punitive damage award in the absence of such guidelines or standards therefore will violate the Due Process Clause of the Fourteenth Amendment to the United States Constitution, and the excessive fines clause of the Alabama Constitution, Ala. Const. Art. 1, § 15.

## TWENTY-SIXTH DEFENSE

Without the protections previously provided in §§ 6-11-23(a) and 6-11-24, *Code of Alabama* regarding punitive damage awards, now declared unconstitutional by the Alabama Supreme Court, the State of Alabama no longer affords to a defendant sufficient protection under the United States Constitution from excessive and arbitrary damage awards.

## TWENTY-SEVENTH DEFENSE

A jury award of mental anguish damages in this case will violate due process and equal protection rights guaranteed to the defendant by the Fifth and Fourteenth Amendments to the United States Constitution, and Article One, Sections 1, 6 and 22 of the Constitution of the State of Alabama 1901. In particular, a mental anguish damage award will violate these constitutional provisions because Alabama juries are given no rule, standard or guideline upon which to rely in calculating mental anguish damage awards.

## TWENTY-EIGHTH DEFENSE

An award of punitive damages, if any, in this case may not exceed $250,000.00 under *Ala. Code* § 6-11-21. In declaring this provision unconstitutional in 1993, the Alabama Supreme Court acted beyond the scope of its powers and violated the separation of powers clause of the United States Constitution and the Constitution of the State of Alabama. Accordingly, the Court's action was without effect and *Ala. Code* § 6-11-21 should apply in

this case.  Alternatively, any punitive damage award in this case may not exceed those limits set forth in *Ala. Code* § 6-11-21, as amended.

## TWENTY-NINTH DEFENSE

Plaintiffs' complaint contains insufficient information to permit Alfa Mutual to raise all appropriate defenses, and discovery has yet to be completed in this case; therefore, this defendant reserves the right to amend and/or supplement this Answer with additional affirmative defenses.

_____
Courtney R. Potthoff          ASB 4565-057C


_____
Joel P. Smith, Jr.            ASB-0328-M46J

Attorneys for Defendant Alfa Mutual Insurance
Companies


OF COUNSEL:

WILLIAMS, POTTHOFF, WILLIAMS
        & SMITH, L.L.C.
Post Office Box 880
Eufaula, Alabama  36072-0880
Telephone      (334) 687-5834
Facsimile      (334) 687-5722

## CERTIFICATE OF SERVICE

I hereby certify that I have on this ⟨⟨⟨ day of February, 2008, served a copy of the

above and foregoing upon the following counsel of record, by depositing a copy of same in the

United States Mail, properly addressed, postage prepaid:

J. Matthew Horne, Esq.
Attorney at Law, L.L.C.
Post Office Box 226
Clayton, Alabama  36016

William W. Nichols, Esq.
Lee & McInish, P.C.
Post Office Box 1665
Dothan, Alabama  36302

Of Counsel

## IN THE UNITED STATES DISTRICT COURT FOR
## THE MIDDLE DISTRICT OF ALABAMA
## NORTHERN DIVISION

| | |
|---|---|
| T. R. OLIVER, JR., | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | )     CIVIL ACTION NO. 2:0 CV81-WHA |
| | ) |
| JOSE A. RODRIGUEZ; JOSE DELEON | ) |
| ARMIJO; ARMIJO BROTHERS | ) |
| PRODUCE, INC.; and ALFA | ) |
| INSURANCE COMPANY, et al., | ) |
| | ) |
| Defendants. | ) |

## NOTICE OF ELECTION TO OPT OUT OF LITIGATION

COMES NOW Defendant, Alfa Mutual Insurance Company, (hereinafter referred to as "Alfa Mutual") and hereby exercises its election not to participate in the trial of the above-styled case and as grounds therefore shows unto the Court as follows:

1.  Alfa Mutual is the uninsured/underinsured motorist carrier of Plaintiff T. R. Oliver, Jr.

2.  At the time of this accident, T. R. Oliver, Jr. had in full force and effect a policy of insurance on the car that Plaintiff, T. R. Oliver, Jr., was operating at the time of the underlying accident.

3.  Under the circumstances, Plaintiffs' insurance with Alfa Mutual would be in excess of the coverage provided under Armijo Brother Produce, Inc.'s policy or policies.

4.  Alfa Mutual respectfully notifies the Court of its intention to opt out of this litigation and not participate in the trial of this matter.

5.     Alfa Mutual agrees to be bound by the verdict of the jury and agrees to pay any judgment in accordance with its policy of insurance and within the limits of said policy.

WHEREFORE, the premises considered, Alfa Mutual Insurance Company respectfully notifies this Court of its election to opt out of this litigation.

Respectfully submitted,

Courtney R. Potthoff          ASB 4565-057C

Attorney for Defendant
Alfa Mutual Insurance Company


OF COUNSEL:

WILLIAMS, POTTHOFF, WILLIAMS
     & SMITH, L.L.C.
Post Office Box 880
Eufaula, Alabama  36072-0880
Telephone      (334)  687-5834
Facsimile      (334)  687-5722

## CERTIFICATE OF SERVICE

I hereby certify that I have on this _____ day of February, 2008, served a copy of the

above and foregoing upon the following counsel of record, by depositing a copy of same in the

United States Mail, properly addressed, postage prepaid:

J. Matthew Horne, Esq.
Attorney at Law, L.L.C.
Post Office Box 226
Clayton, Alabama 36016

William W. Nichols, Esq.
Lee & McInish, P.C.
Post Office Box 1665
Dothan, Alabama 36302

_____
Of Counsel

# IN THE UNITED STATES DISTRICT COURT FOR
## THE MIDDLE DISTRICT OF ALABAMA
### NORTHERN DIVISION

T. R. OLIVER, JR.,                              )
                                                )
      Plaintiff,                         )
                                                )
vs.                                             )     CIVIL ACTION NO. 2-08-CV-81-WHA
                                                )
JOSE A. RODRIGUEZ; JOSE DELEON                  )
ARMIJO; ARMIJO BROTHERS                         )
PRODUCE, INC.; and ALFA                         )
INSURANCE COMPANY, et al.,                      )
                                                )
      Defendants.                        )

## JOINDER IN REMOVAL

Alfa Mutual Insurance Company, co-defendant in this action, through its counsel of record, Courtney R. Potthoff, hereby joins in the Notice of Removal heretofore filed by the Defendants Jose A. Rodriquez, Jose Deleon Armijo, Armijo Brothers Produce, Inc.

Respectfully submitted,

_____
Courtney R. Potthoff      ASB 4565-057C

Attorney for Defendant
Alfa Mutual Insurance Company

OF COUNSEL:

WILLIAMS, POTTHOFF, WILLIAMS
      & SMITH, L.L.C.
Post Office Box 880
Eufaula, Alabama  36072-0880
Telephone    (334) 687-5834
Facsimile    (334) 687-5722

## CERTIFICATE OF SERVICE

I hereby certify that I have on this ___6___ day of February, 2008, served a copy of the

above and foregoing upon the following counsel of record, by depositing a copy of same in the

United States Mail, properly addressed, postage prepaid:

J. Matthew Horne, Esq.
Attorney at Law, L.L.C.
Post Office Box 226
Clayton, Alabama  36016

William W. Nichols, Esq.
Lee & McInish, P.C.
Post Office Box 1665
Dothan, Alabama  36302

_____
Of Counsel

```
DUPLICATE

Court Name: U S DISTRICT COURT - AL/M
Division: 2
Receipt Number: 4602003784
Cashier ID: khaynes
Transaction Date: 02/06/2008
Payer Name: LEE AND MCINISH PC
------------------------------------
CIVIL FILING FEE
  For: LEE AND MCINISH PC
  Case/Party: D-ALM-2-08-CV-000081-001
  Amount:        $350.00
------------------------------------
CHECK
  Check/Money Order Num: 33843
  Amt Tendered:  $350.00
------------------------------------
Total Due:       $350.00
Total Tendered:  $350.00
Change Amt:      $0.00

T.R. OLIVER JR V. JOSE A. RODRIGUEZ
ET AL
```