IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| T.R. OLIVER, JR., ) | |
| ) | |
|     Plaintiff, ) | |
| ) | |
| v. ) | CASE NO. 2:08-CV-81-WHA |
| ) | |
| JOSE A. RODRIGUEZ, Individually; ) | |
| JOSE DELEON ARMIJO, Individually; ) | |
| ARMIJO BROTHERS PRODUCE, INC., ) | |
| a Florida Corporation; ALFA MUTUAL ) | |
| INSURANCE COMPANY, et al. ) | |
| ) | |
|     Defendants. ) | |

## **ANSWER**

Come the Defendants, Jose A. Rodriguez, Jose Deleon Armijo and Armijo Brother's Produce, Inc., and respectfully submit the following Answer to Plaintiff's Complaint.

### *Jurisdictional Allegations*

1. On information and belief, the allegations of Paragraph 1 of the Complaint are admitted.

2. Defendants admit that Jose A. Rodriguez is a resident of the State of Florida, but deny the remaining allegations of Paragraph 2 of the Complaint.

3. Defendants admit that Jose Deleon Armijo is a resident of the State of Florida, but deny the remaining allegations of Paragraph 3 of the Complaint.

4. Defendants admit that Armijo Brothers Produce, Inc. is a Florida corporation, but deny the remaining allegation of Paragraph 4 of the Complaint.

5. On information and belief, the allegations of Paragraph 5 of the Complaint are admitted.

6. The allegations of Paragraph 6 of the Complaint are neither admitted

nor denied.

7. The allegations of Paragraph 7 of the Complaint are denied.

8. The allegations of Paragraph 8 of the Complaint are denied.

9. On information and belief, the allegations of Paragraph 9 of the Complaint are denied.

### *Count One*
### *Negligence*

10. Defendants reallege Paragraphs 1-9 above as if specifically set out herein.

11. The allegations of Paragraph 11 of the Complaint are denied.

12. The allegations of Paragraph 12 of the Complaint are denied.

### *Count Two*
### *Wantonness and Willfulness*

13. Defendants reallege Paragraphs 1-12 above as if specifically set out herein.

14. The allegations of Paragraph 14 of the Complaint are denied.

15. The allegations of Paragraph 15 of the Complaint are denied.

### *Count Three*
### *Negligent and/or Wanton Entrustment*

16. Defendants reallege Paragraphs 1-15 above as if specifically set out herein.

17. The allegations of Paragraph 17 of the Complaint are denied.

18. The allegations of Paragraph 18 of the Complaint are denied.

19. The allegations of Paragraph 19 of the Complaint are denied.

*Count Four*
*Uninsured Motorist*

20[1]. Defendants reallege Paragraphs 1-19 above as if specifically set out herein.

21. On information and belief, the allegations of Paragraph 21 of the Complaint are admitted.

22. The allegations of Paragraph 22 of the Complaint are denied.

23. The allegations of Paragraph 23 of the Complaint are denied.

24. The allegations of Paragraph 24 of the Complaint are denied.

In addition to specific denials set forth above, the Defendants assert the following defenses:

**FIRST DEFENSE**

Plaintiff's own negligent conduct caused or contributed to his alleged injuries and damages.

**SECOND DEFENSE**

Defendants deny they were guilty of negligence, wantonness or willfulness and demand strict proof thereof.

**THIRD DEFENSE**

Defendants deny that they were guilty of negligent or wanton entrustment and demand strict proof thereof.

**FOURTH DEFENSE**

Defendants deny that the Plaintiff was underinsured and demand strict proof thereof.

---

[1] Plaintiff's Complaint designates Paragraph 20 as Paragraph 21.

**FIFTH DEFENSE**

Defendants deny that they are in any way indebted to the Plaintiff.

**SIXTH DEFENSE**

Defendants deny each and every material allegation of Plaintiff's Complaint and demand strict proof thereof.

**SEVENTH DEFENSE**

Plaintiff's Complaint, and each count contained therein, fails to state a claim upon which relief can be granted.

**EIGHTH DEFENSE**

Defendants deny that Plaintiff is entitled to punitive damages.

**NINTH DEFENSE**

Plaintiff's Complaint contains insufficient information to permit Defendants to raise all appropriate defenses, and discovery has yet to be completed in this case; therefore, these Defendants reserve the right to amend and/or supplement this Answer with additional defenses.

Respectfully submitted on this 15th day of February, 2008.

> *s/William L. Lee, III*
> WILLIAM L. LEE, III  (LEE007)
> wlee3@leeandmcinish.com
>
> *s/William W. Nichols*
> WILLIAM W. NICHOLS     (NIC027)
> wnichols@leeandmcinish.com

**OF COUNSEL:**
Lee & McInish, P.C.
*Attorneys for Defendants Jose A. Rodriguez, Jose Deleon Armijo and Armijo Brothers Produce, Inc.*
238 West Main Street (36301)
Post Office Box 1665
Dothan, Alabama 36302
Telephone (334) 792-4156
Facsimile (334) 794-8342

## CERTIFICATE OF SERVICE

 I hereby certify that on February 15, 2008, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF System which will send notification of such filing to the following: **Jonathon M. Horne, Esq., Courtney Reilly Potthoff, Esq.**, **Joel P. Smith, Jr.**, and I hereby certify that I have mailed by United States Postal Service the document to the following non-CM/ECF participants:  NONE.

 Dated this the 15th day of February, 2008.

_s/William W. Nichols_
Of Counsel
