IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| T. R. OLIVER, JR., | ) |
| | ) |
|     Plaintiff, | ) |
| | ) |
| -vs- | )    Case No: 2:08-CV-81-WHA |
| | ) |
| JOSE A. RODRIQUEZ, ET. AL. | ) |
| | ) |
|     Defendants. | ) |

**PLAINTIFF'S MOTION TO REMAND TO STATE COURT**

COMES NOW the Plaintiff in the above styled cause and moves this Honorable Court to remand this action to State Court pursuant to 28 U.S.C. §1447(c). The basis for the requested relief is that removal of this action to federal court is wrongful in that the Defendants failed to present evidence that the amount in controversy meets the jurisdictional limits of this court and the removal was filed improvidently. In support of this motion, the Plaintiff shows unto the court as follows:

    1.    The current pending action involves allegations of negligence, wantonness, negligent entrustment, and uninsured motorist against Jose A. Rodriguez, Jose Deleon Armijo, Armijo Brothers Produce, Inc., and Alfa Mutual.

    2.    The Defendants Jose A. Rodriquez and Jose Deleon Armijo are foreign individuals. Defendant Armijo Brothers Produce, Inc. is a foreign corporation, and Defendant Alfa Mutual is a domestic corporation

    3.    The Defendants base their removal on diversity and the amount in controversy exceeding the jurisdictional limit of this Court. However, the Defendants have not met their burden of proof for showing that the amount in controversy exceeds the jurisdictional amount of this Court.

4. Removal of an action is only proper if the United States District Court has original jurisdiction. 28 U.S.C. §1332(a) provides, in pertinent part:

> The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs.

5. The Defendants have the burden of proving that federal jurisdiction exists. *Kirkland v. Midland Mortgage Co.*, 243 F. 3d 1277, 1281 n.5 (11th Cir. 2001), *Williams v. Best Buy Co.*, 269 F. 3d 1316 (11th Cir. 2001). Where, as here, the plaintiff has not pled a specific amount of damages, the removing defendant must prove by a preponderance of the evidence that the amount in controversy exceeds the jurisdictional requirement. *Id.*; *Tapscott v. MS Dealer Serv. Corp.*, 77 F. 3d 1353, 1357 (11th Cir. 1996), *overruled on other grounds by Office Depot v. Cohen*, 204 F. 3d 1069 (11th Cir. 2000). The Defendants have offered <u>no</u> facts in their removal petition or consent to removal that would support their assertion that the amount in controversy exceeds the jurisdictional amount of this Court. The Eleventh Circuit has <u>reiterated</u> that the burden of proving jurisdiction lies with the removing defendant.

> We reiterate that the burden of proving jurisdiction lies with the removing defendant. A conclusory allegation in the notice of removal that the jurisdictional amount is satisfied, without setting forth the underlying facts supporting such an assertion, is insufficient to meet the defendant's burden. *See Laughlin v. Kmart Corp.*, 50 F. 3d 871, 873 (10th Cir. 1995); *Allen v. R & H Oil & Gas Co.*, 63 F. 3d 1326, 1335 (5th Cir. 1995); *Gaus v. Miles*, 980 F. 2d 564, 567 (9th Cir. 1992); *Burns v. Windson Ins. Co.*, 31 F. 3d 1092, 1097 (11th Cir. 1994) (concluding that removing defendant did not meet burden of proving amount in controversy where it offered "nothing more than conclusory allegations"); *Gaitor v. Peninsular & Occidental S. S. Co.*, 287 F. 2d 252, 255 (5th Cir. 1961) (stating that removing defendant must make "affirmative showing . . . of all the requisite factors of diversity jurisdiction").

*Williams v. Best Buy Co.*, *id.*

6. The Defendants have not met their burden of proving the "requisite factors of diversity jurisdiction" with their conclusory statement that "the Plaintiff clearly appears to be seeking sums in excess of the jurisdictional limit of $75,000.00 exclusive of interest and costs." (Defendant's Notice of Removal, ¶21). No evidence has been presented to this Court that the amount in controversy exceeds the jurisdictional limit of this Court. At the time the Defendant's Notice of Removal was filed, there had been no discovery conducted on the issue of damages, and the Plaintiff was without knowledge of the policy limits mentioned in the Defendant's Notice of Removal. Without such evidence, remand is the only appropriate action.

WHEREFORE, based upon the pleadings in the case, Plaintiff requests that this case be immediately remanded to the Circuit Court of Barbour County, Alabama so that it may be timely tried.

*/s/ J. Matthew Horne*
J. MATTHEW HORNE
ATTORNEY FOR THE PLAINTIFF

OF COUNSEL:
J. MATTHEW HORNE
ATTORNEY AT LAW, LLC
POST OFFICE BOX 226
CLAYTON, ALABAMA 36016

### CERTIFICATE OF SERVICE

I hereby certify that I have served a copy of the foregoing document upon the following by placing a copy of the same in the United States mail, postage prepaid and

properly addressed, on this 7 day of March, 2008:

William L. Lee III, Esq.
William W. Nichols, Esq.
**Lee & McInish, P.C.**
**Attorneys for the Defendants**
Post Office Box 1665
Dothan, Alabama  3636302

Courtney R. Potthoff, Esq.
Joel P.Smith, Jr. Esq.
**Williams, Potthoff, Williams, and Smith**
**Attorneys for Alfa Mutual**
Post Office Box 880
Eufuala, Alabama  3636072

*/s/ J. Matthew Horne*
OF COUNSEL