IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| T.R. OLIVER, JR., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CIVIL ACTION NO. 2:08-cv-0081-WHA |
| ) | |
| ) | (WO) |
| JOSE A. RODRIGUEZ, Individually; JOSE ) | |
| DELEON ARMIJO, Individually, ARMIJO ) | |
| BROTHERS PRODUCE, INC., a Florida ) | |
| Corporation; ALFA MUTUAL ) | |
| INSURANCE COMPANY, et. al. ) | |
| ) | |
| Defendant. ) | |

**MEMORANDUM OPINION AND ORDER**

**I. INTRODUCTION**

This cause is before the court on a Motion to Remand, filed by the Plaintiff, T.R. Oliver, Jr., on March 7, 2008. (Doc. #15.)

The Plaintiff originally filed a Complaint against Jose Rodriguez, Jose DeLeon Armijo, Armijo Brothers Produce, Inc., and ALFA Mutual Insurance Company, (together "Defendants"), in this case in the Circuit Court of Barbour County, AL on January 16, 2008. The Plaintiff brings claims for negligence, wantonness and willfulness, negligent and/or wanton entrustment, and breach of plaintiff's uninsured motorist policy. Along with the Complaint, the Plaintiff contemporaneously served interrogatories upon Defendant Jose Rodriguez.

On February 6, 2008, all Defendants except for ALFA (hereinafter, the "Armijo Defendants" filed a Notice of Removal. (Doc. #1.) Simultaneously and attached as an exhibit to the Notice of Removal, Defendant ALFA filed an Answer, Notice of Election to Opt Out of

Litigation, and Joinder in Removal with this court. (See Docs. # 1-4.) On February 12, 2008, the Armijo Defendants filed an Answer. (Doc. #11). On March 7, 2008, the Plaintiff filed a Motion to Remand, arguing that "Defendant Alfa Mutual is a domestic corporation," defeating diversity jurisdiction, and that the Defendants had not met their burden of showing the proper amount in controversy.

For the reasons discussed below, the Motion to Remand is due to be DENIED.

## II.  MOTION TO REMAND STANDARD

Federal courts are courts of limited jurisdiction. *See Kokkonen v. Guardian Life Ins. Co. of America*, 511 U.S. 375 (1994); *Burns v. Windsor Insurance Co.,* 31 F.3d 1092, 1095 (1994); *Wymbs v. Republican State Executive Committee*, 719 F.2d 1072, 1076 (11th Cir. 1983), *cert. denied*, 465 U.S. 1103 (1984). As such, federal courts only have the power to hear cases that they have been authorized to hear by the Constitution or the Congress of the United States. *See Kokkonen*, 511 U.S. at 377. Because federal court jurisdiction is limited, the Eleventh Circuit favors remand of removed cases where federal jurisdiction is not absolutely clear. *See Burns*, 31 F.3d at 1095. Where there is a claim for unspecified damages, the removing defendant carries the burden of proving, by a preponderance of the evidence, that the amount in controversy satisfies the federal jurisdictional minimum of $75,000. *Tapscott v. MS Dealer Service Corp.*, 77 F.3d 1353, 1357 (11th Cir. 1996), *abrogated on other grounds by Cohen v. Office Depot, Inc.*, 204 F.3d 1069 (11th Cir. 2000).

## III.  FACTS

The facts, as alleged in the Complaint, and as they pertain to the Motion to Remand, are as follows:

The Plaintiff, T.R. Oliver, alleges that on or about November 18, 2007, he suffered injuries and damage as a result of Defendant Rodriguez "negligently and/or wantonly" causing his motor vehicle to strike Oliver's vehicle while travelling on U.S. Highway 231 South near the Dale County Road 75 intersection. The vehicle driven by Defendant Rodriguez was owned by Defendant Armijo, and Oliver alleges that Defendant Rodriguez was operating the vehicle in his capacity as agent for Defendant Armijo Brothers Produce, Inc. Plaintiff Oliver owned an uninsured motorist insurance policy with Defendant Alfa Mutual Insurance Company.

Plaintiff Oliver alleges having suffered "serious personal injuries and damages." (Compl.¶¶ 12, 15, 19, 24). He seeks no specified damages, but rather "compensatory and punitive damages in such a sum as a jury may award, plus costs." *Id.*

## IV.  DISCUSSION

A federal district court may exercise subject matter jurisdiction over a civil action in which only state law claims are alleged if the civil action arises under the federal court's diversity jurisdiction. *See* 28 U.S.C. § 1332(a)(1). The diversity statute confers jurisdiction on the federal courts in civil actions "between citizens of different states," in which the minimum jurisdictional amount is met. *Id.*

A. Diversity of Citizenship

In its Motion to Remand, Plaintiff Oliver states that the Armijo Defendants are foreign, whereas ALFA is a domestic corporation. (Mot. to Remand ¶ 2.) Although the bulk of Plaintiff's argument is based on the amount in controversy, this statement presumedly argues that ALFA's presence as an Alabama corporation, along with Plaintiff Oliver's Alabama citizenship, destroys the complete diversity required for federal diversity jurisdiction. *Id.*; *see* 28 U.S.C. § 1332;

*Strawbridge v. Curtiss,* 7 U.S. (3 Cranch) 267, 2 L.Ed. 435 (1806). As Defendants explain in their Notice of Removal, however, ALFA's "nominal" presence as a defendant allows its Alabama citizenship to be ignored in this situation, because it has elected to opt out of the litigation completely and to be bound by the verdict and judgment of liability and damages. *See Broyles v. Bayless*, 878 F.2d 1400, 1402 (11th Cir. 1989) (disregarding citizenship of UIM carrier served pursuant to Tennessee statute as "nominal" for diversity jurisdictional purposes); *Toole v. Chupp*, 456 F. Supp. 2d 1218 (M.D. Ala. 2006) (applying *Broyles* to Alabama's UIM statute and similarly disregarding carriers's citizenship when it opted out of litigation and agreed to be bound for any excess award beyond the primary insurer's policy limits). Complete diversity therefore exists.

B. Amount in Controversy

"[W]here a plaintiff has made an unspecified demand for damages in state court, a removing defendant must prove by a preponderance of the evidence that the amount in controversy more likely than not exceeds [the jurisdictional limit.]" *Tapscott,* 77 F.3d at 1357.[1] Where, as here, the complaint claims unspecified damages and "the jurisdictional amount is not facially apparent from the complaint, the court should look to the notice of removal and may require evidence relevant to the amount in controversy at the time the case was removed." *Williams v. Best Buy Co.*, 269 F.3d 1316, 1319 (11th Cir. 2001). Further, "[a] district court may properly consider post-removal evidence in determining whether the jurisdictional amount was

---

[1] Although the *Tapscott* case, decided on March 20, 1996, discusses a minimum jurisdictional amount under 28 U.S.C. § 1332 of $50,000, the statute was amended in 1996 to increase the minimum to its present amount, $75,000. Federal Courts Improvement Act of 1996, Pub. L. No. 104-317, § 205, 110 Stat. 3847, 3850 (October 9, 1996).

satisfied at the time of removal." *Williams v. Best Buy,* 269 F.3d 1316, 1319 (11th Cir. 2001) (*citing McNutt v. General Motors Acceptance Corp.*, 298 U.S. 178, 189 (1936)).

In its Motion to Remand, Plaintiff argues that the Armijo Defendants "have offered *no* facts in their removal petition or consent to removal that would support their assertion that the amount in controversy exceeds the jurisdictional amount" of $75,000. (Mot. to Remand ¶ 5.) (emphasis in original). The Armijo Defendants' Notice of Removal remarks that "[the Armijo] Defendants have policy limits of $750,000.00 and Plaintiff is claiming [underinsured motorist] benefits beyond that sum. Thus, Plaintiff clearly appears to be seeking sums in excess of the jurisdictional limit of $75,000. . . ." (Notice of Removal ¶ 21.)[2] In response, Plaintiff notes that "[a]t the time the [Armijo] Defendant's Notice of Removal was filed, there had been no discovery conducted on the issue of damages, and the Plaintiff was without knowledge of the policy limits mentioned in the [Armijo] Defendant's notice of Removal." (Mot. to Remand ¶ 6.) Plaintiff argues that, with no evidence presented that the amount in controversy exceeds the jurisdictional amount, the Armijo Defendants' conclusory allegations are insufficient, and "remand is the only appropriate action." (Mot. to Remand ¶ 6.)

In its Response in Opposition to Remand ("Response"), the Armijo Defendants argue that the very fact that Plaintiff is suing for uninsured motorist benefits "presupposes that he values his case at more than the [Armijo] Defendants' insurance liability limits." (Response ¶ 3.) Because the Armijo Defendants clearly stated in their Notice of Removal that their primary insurance policy limits totaled $750,000 for each accident, they argue that Plaintiff must be

---

[2] Due to a typographical error, the Notice of Removal contains two paragraphs numbered 21 and 22. The citation here references the second paragraph 21. *See generally* Notice of Removal.

seeking damages in *excess* of $750,000, and therefore well beyond the jurisdictional limit of $75,000. *Id.* at ¶ 4.  Further, the Armijo Defendants argue, nowhere in the Motion to Remand does Plaintiff state that his case is worth less than either of those two figures. *Id.* at ¶ 5. As support, the Armijo Defendants cite *Toole v. Chupp*, 456 F. Supp. 2d 1218, 1222 (M.D. Ala. 2006) (Thompson, J.), where another judge of this court found that the defendants had met their burden of proof in a similar situation also involving ALFA insurance:

> Finally, the court finds that these defendants have shown by a preponderance of the evidence that the amount in controversy more likely than not exceeds $75,000.00. This standard applies where, as here, the amount in controversy is not clear on the face of the complaint.  Although Alfa submits no depositions, the Tooles' Complaint alleges that Chupp and Bramlett are underinsured, although they are insured for $100,000.00; Marie Toole alleges substantial bodily harm, including harm that required surgery, and will cause life-long pain and suffering; and perhaps most importantly, counsel for the Tooles acknowledged at oral argument on September 13, 2006, that he could see a jury 'bring back more than $75,000.00.'  It thus appears 'more likely than not' that the amount in controversy is met.

*Chupp,* 456 F. Supp. 2d at 1222. (internal citations omitted).  In the alternative, the Armijo Defendants agree to consent to remand if the Plaintiff will stipulate and agree not to seek nor attempt to collect damages in excess of $75,000.00 against them. *Id.* at ¶ 8.  At a telephone conference call between the parties and at an evidentiary hearing conducted by this court on April 3, 2008, regarding the amount in controversy, the Plaintiff's counsel stated that he was unwilling to stipulate to be bound to an amount less than the jurisdictional minimum.

At the evidentiary hearing, Plaintiff's counsel conceded that the Armijo Defendants' primary insurance policy contained a $750,000.00 limit.  He further stated that, although he doubted that a verdict in excess of $750,000 was likely, he was unwilling, at that time, to stipulate to the dismissal of ALFA, the uninsured motorist policy carrier.  Although discovery into the Plaintiff's injuries is still ongoing, Plaintiff's counsel estimated the actual damages at

6

about $15,000-$20,000, which does not include pain and suffering or punitive damages. Specifically, Plaintiff's counsel mentioned injury to the back & neck vertebrae, lost wages, and expensive medical bills, in addition to pain and suffering and mental anguish. Based on the Plaintiff's naming of UIM carrier ALFA, his failure to dismiss ALFA after learning of the primary insurer's policy limits, his refusal to stipulate to less than $75,000, and his estimation of actual damages, this court finds that the Defendants have proven by a preponderance of the evidence that the amount-in-controversy requirements have been met.

C. Conclusion

For the reasons stated above, the court finds that there is diversity of citizenship, that the amount in controversy exceeds the jurisdictional amount of $75,000, and that, therefore, diversity jurisdiction exists.

## V.  **ORDER**

For the reasons stated above, it is hereby ORDERED that the Motion to Remand is DENIED.

DONE this 4th day of April, 2008.

/s/ W. Harold Albritton  
W. HAROLD ALBRITTON  
SENIOR UNITED STATES DISTRICT JUDGE